(57 South. 1006.)

No. 18,862.

DILL et al. v. C. L. SMITH LUMBER CO.

(Feb. 26, 1912. Rehearing Denied March 25, 1912.)

*(Syllabus by the Court.)*

1. MASTER AND SERVANT (§§ 101, 102*)—IN-JURIES TO SERVANT—APPLIANCES—CARE RE-QUIRED.

A master is not required to furnish the best and safest appliances, but his obligation is met when he provides appliances that are reasonably safe and suitable for the purpose had in view.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178, 179, 180–184, 192; Dec. Dig. §§ 101, 102.*]

2. MASTER AND SERVANT (§ 233*)—INJURIES TO SERVANT—CONTRIBUTORY NEGLIGENCE.

Where the deceased, loading foreman of defendant, improperly loaded logs on a skeleton car, and one of them fell in transit and penetrated the caboose in which the foreman was riding, causing his death, *held*, that the foreman was guilty of such contributory negligence as to preclude recovery of damages by his widow and minor children.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 684–686, 701–742; Dec. Dig. § 233.*]

Appeal from Fifteenth Judicial District Court, Parish of Calcasieu; Winston Overton, Judge.

Action by Mrs. Harriet E. Dill and others against the C. L. Smith Lumber Company. From a judgment for plaintiffs, defendant appeals. Reversed, and suit dismissed.

Pujo & Moss, for appellant. Gayle & Porter, for appellees.

LAND, J. James A. Dill, employed by the defendant as foreman of a loading crew, while riding in a caboose at the rear end of a log train, was killed by the crushing in of the front end of the caboose by a saw log which fell from the nearest skeleton car. The widow and minor children of the deceased sued for $25,000 damages. On the first trial, the jury awarded plaintiffs $15,-000 damages. This verdict was set aside, and, on the second trial, the jury awarded plaintiffs $4,000 damages. The defendant appealed, and the plaintiffs have answered and joined in the appeal, praying that the amount of the judgment be increased to $15,-000.

The petition charges that the defendant was negligent in not furnishing two toggle chains, or other suitable appliance, to bind the logs on the cars, and automatic couplers and brakes; and was also negligent in hauling the caboose full of men behind a loaded train of logs insecurely fastened.

Defendant filed an exception of no right or cause of action, which was overruled, and

then answered with a general denial, pleading in the alternative contributory negligence, assumption of risk, and the negligence of fellow servants.

[1] After a careful review and consideration of the evidence, we find that the defendant was not negligent in using only one toggle chain to bind the saw logs. Many sawmill companies use only one toggle chain, some use two, and others use none. We also find that the defendant company was not negligent in failing to provide automatic couplers and brakes, which it seems are never used on skeleton log cars. A master is not required to furnish the best and safest appliances, but his obligation is met when he provides appliances that are reasonably safe and suitable for the purpose had in view. See Simon v. Black Lake Lumber Co., 127 La. 1071, 54 South. 354.

[2] We find that a caboose attached immediately to the rear end of a loaded skeleton car in a moving log train is not a reasonably safe provision for the transportation of the employés of a sawmill company. The correctness of this conclusion is demonstrated by the accident which caused the death of James A. Dill. We find, however, that it is clearly established by a preponderance of the evidence that the proximate cause of the accident was the improper loading of the skeleton car, for which the deceased, as foreman of the loading crew, was responsible, and that the deceased, advised that some of the logs on the car might fall off during transit to the mill, assumed the risk of riding in the caboose on the occasion in question.

The car in question was loaded under the eye and direction of James A. Dill, as foreman. There was something unusual in the position of the logs. Meadows, one of Dill's helpers, testified that the load did not look good to him when it got to the corral, but that he, in reply to a question, told Dill that he thought it would go. The locomotive engineer testified that there was talk at the corral about the car not being properly loaded; that the load did not look good to him; that he asked the men at the caboose if they thought that the load would go to town; and that Dill replied that Meadows said it would. The engineer further testified that he saw the log supposed to have fallen off lying out of the notch on the top; and that the bad condition of the load was not due to the operation of the train. These two witnesses were called by the plaintiffs.

Dubose, foreman of the log cutters, testified that he called Dill's attention to the log, and that the latter replied that it would go to town if the toggle chain did not break. Pippen, track foreman, testified that the top log under the toggle chain and two others were leaning to one side. Smith, woods foreman, testified that Dill had been superintendent of loading for more than two years; that he saw one log hanging out of its notch on the side of the car, and asked Dill if he thought the load was safe to go in, and Dill said he thought it was.

We do not think it would be just to mulct the defendant in damages for the fault or mistake of its foreman, which, at least, contributed directly to the accident which caused his untimely death.

It is therefore ordered that the verdict and judgment below be reversed, and it is now ordered that plaintiff's suit be dismissed, with costs in both courts.