(70 South. 620)

No. 20368.

HENDERSON v. AMERICAN LUMBER CO.

(Jan. 10, 1916.)

*(Syllabus by Editorial Staff.)*

1. MASTER AND SERVANT ☞236—INJURIES TO SERVANT—RECOVERY.

A servant injured in riding on a logging train, which he knew to be dangerous, cannot establish a right to recovery by showing that other trains intended for servants' use were as dangerous as the logging train.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 681, 723–742; Dec. Dig. ☞236.]

2. MASTER AND SERVANT ☞111—INJURIES TO SERVANT—EVIDENCE.

A servant injured in riding on a logging train cannot predicate negligence of the master on the fact that but one toggle was used instead of two, where custom and usage establish that the use of one toggle is a safer method than the use of two.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 215–217, 255; Dec. Dig. ☞111.]

3. MASTER AND SERVANT ☞111—INJURIES TO SERVANT—LIABILITY OF MASTER.

Negligence of the master cannot be predicated on the absence of brakes from a logging train where the evidence shows that brakes on such trains are unusual.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 215–217, 255; Dec. Dig. ☞111.]

4. MASTER AND SERVANT ☞280—INJURIES TO SERVANT—LIABILITY OF MASTER—ASSUMPTION OF RISK—EVIDENCE.

Evidence in a logger's action for injuries received in riding on a logging train after warning *held* to show that his injury resulted from the assumed risk of displacement of a log loosely laid on top of the load, and not from the master's negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986; Dec. Dig. ☞280.]

Appeal from Fifteenth Judicial District Court, Parish of Beauregard; Alfred M. Barbe, Judge.

·Action by William C. Henderson against the American Lumber Company. From a judgment for defendant, plaintiff appeals. Affirmed.

Hundley & Hawthorn, of Alexandria, and Kay & Jackson, of De Ridder, for appellant. Pujo & Williamson, of Lake Charles, for appellee.

PROVOSTY, J. [1] The plaintiff was injured while riding in from the woods on the log train of the defendant company. The workmen, one of whom he was, are taken out into the woods in the morning in one or two cabooses, or sometimes with a flat car

added whenever their number is too great for the two cabooses, and these cabooses are left in the woods to bring the men in again at 6 o'clock in the afternoon. The men, however, as a rule will not wait for this 6 o'clock train when they get through with their work early in the afternoon, but will ride in on the log train. This practice is dangerous, and the defendant company objected to it, and warned the men against it, but without effect. On the occasion itself on which plaintiff was injured the colored brakeman had been sent back by the engineer before the train started to warn the men that riding on the log train was against the rules, and that they should not do so. The learned counsel for plaintiff say that this rule and these warnings were merely a subterfuge for shifting the responsibility from the company to the men for any injuries they might suffer on these trains; that as a matter of fact the other means of transportation provided for the men were entirely inadequate, and therefore the riding on these trains was a necessity, and was being done all the time to the knowledge of the defendant company. We do not find that this inadequacy of the other means of transportation is established, but find the very contrary to be the case. Plaintiff testifies that the cabooses were as dangerous as the log trains. This is entirely improbable, and if it were so, would not help his case. The fact would still remain that he had not been injured while riding in the caboose, but on the log train.

[2] From 16 to 24 logs are piled up on each car. A chain called a toggle is passed over the load to hold it in position, and, for tightening this toggle, one or more logs are placed on top of it. Plaintiff charges as negligence that there should have been two toggles, instead of one. The evidence shows differently: That where two toggles are used they are placed at the ends of the load, and are more exposed to its vibrations and move-

ments, and more liable therefore to be broken or lossened than when one is used and is placed at the center of the load, and that the one toggle is considered to be the safer mode of operation, and is the one generally adopted. Dill v. Smith Lumber Co., 130 La. 363, 57 South. 1006; Stephens v. La. Long Leaf Lbr. Co., 122 La. 547, 47 South. 887.

Next, plaintiff charges that the track was defective. The evidence shows the contrary.

[3] Next, plaintiff complains of the absence of breaks on the log cars. The evidence shows that the use of brakes on log cars is unusual. Dill v. Smith Lumber Co., 130 La. 365, 57 South. 1006.

[4] Finally, plaintiff invokes the maxim res ipsa loquitur. His learned counsel argue that something must have been wrong, otherwise the accident would not have happened; and that defendant must account for the accident, or else submit to liability.

The evidence fails to show that the defendant company was guilty of negligence in any particular. The manner of the accident was this: As the train was going down a long curved incline at great speed, one of the logs above the toggle chain fell off; the front end went out first, and struck a stump, and this caused the other end to slide along the top of the load, and, as we understand, along the top of the succeeding cars, scraping off like flies those of the men who could not get out of the way in time. The sole and only cause of the accident would seem to have been this log falling off. And the falling off of this log is not sought by plaintiff to be attributed to defective loading, but to the high rate of speed at which the train was moving, combined with the poor condition of the road.

The track was in good condition. The speed of the train was unavoidable in view of the absence of brakes on the cars, and the weight of the train, consisting of 18 loaded cars, going downgrade. The train was being operated as usual.

Our conclusion is that the injury to plaintiff resulted from the risk of this log falling off, and that this risk was one of those which he voluntarily assumed in venturing to ride on this train. He had had long experience, and was thoroughly familiar with the operation of logging trains.

In Alexander v. Davis Brothers Lumber Co., 124 La. 1, 49 South. 724, this court said:

"The servant assumes the ordinary risks incident to his employment, and those of which he has actual knowledge, and he is chargeable with knowledge of risks which are obvious and of those of which he might acquire actual knowledge by the use of ordinary care; due allowance being made for youth, inexperience, and lack of intelligence."

In Price v. Lee Lumber Co., 125 La. 888, 51 South. 1025, this court said:

"An able-bodied young man, nearly 20 years of age, having had more than 3 years' experience in logging business, and having, at his own request, been given work, as switchman in a 'loading crew,' * * * which required him to aid in the arranging and securing of logs loaded on logging cars, and which the danger to be apprehended from the accidental rolling off of the logs was as apparent to him as to any one else, must be considered to have assumed the risk of such an accident, and cannot recover for injuries thereby sustained."

In Ramsey v. Tremont Lumber Co., 121 La. 506, 46 South. 608, the court said:

"Where the danger is manifest, and incident to the work, and the employé is of sufficient age and intelligence to appreciate the risk, the employer is not required to give any special warning, as, for instance, that the hands or the clothing of the employé may get caught in the moving machinery at which he is employed."

In Moffett v. Koch, 106 La. 371, 31 South. 40, the court said:

"Where an employé is not placed by the employer in a position of undisclosed danger, but is a mature man, doing the ordinary work which he was engaged to do, and whose risks are obvious to any one, he assumes the risks of the employment, and no negligence can be imputed to the employer for an accident to him therefrom."

Judgment affirmed.